Matter of Tri-City, LLC v New York City Taxi & Limousine Commn. (2020 NY Slip Op 07731)





Matter of Tri-City, LLC v New York City Taxi & Limousine Commn.


2020 NY Slip Op 07731


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 151037/19 Appeal No. 12696 Case No. 2019-5104 

[*1]In re Tri-City, LLC, et al., Petitioners-Appellants,
v
New York City Taxi and Limousine Commission, et al., Respondents-Respondents.


Orrick Herrington & Sutcliffe LLP, Washington, DC (Randall C. Smith and Eric A. Shumsky of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered May 22, 2019, which denied the petition seeking to annul the New York City Taxi and Limousine Commission's (TLC) Minimum Payment Rule (35 RCNY § 59B-24), enacted in December 2018, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Petitioners failed to meet their heavy burden of establishing that TLC's use of company-specific utilization rates in the minimum payment rule (35 RCNY § 59B-24) was so lacking in reason that it was essentially arbitrary (see generally Matter of Puerto v Doar, 142 AD3d 34, 45-46 [1st Dept 2016]; see also Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 232 [2007]). City Council charged TLC with creating a method for determining the minimum pay for certain for-hire vehicle drivers and required that TLC consider vehicle utilization when establishing such a method (Administrative Code § 19-549[b]). In exercising its rule-marking power, TLC is afforded a high degree of judicial deference and may apply broader judgmental considerations based upon its expertise (see Matter of Consolation Nursing Home v Commissioner of N.Y. State Dept. of Health, 85 NY2d 326, 331-332 [1995]).
TLC's decision to use company-specific utilization rates, in order to establish an approximately uniform minimum pay for all the companies subject to the rule, and to incentivize companies to improve their utilization rates, has a rational basis and was not unreasonable. Contrary to petitioners' argument, there is no requirement that TLC articulate its rationale for choosing company-specific utilization rates at the time of promulgation, provided that the record reveals that the rule had a rational basis (see Price v New York City Bd. of Educ., 51 AD3d 277,289-290 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).
TLC did not ignore data which was before it concerning whether TLC's use of company-specific utilization rates may have an anti-competitive effect. TLC commissioned a report which specifically addressed the possibility that one company could become a monopoly, and why certain characteristics of this particular industry made it less monopolistic than other two-sided markets. The information submitted to TLC by petitioners did not clearly show that the use of company-specific utilization rates either would necessarily have an anti-competitive effect, or otherwise would not serve the purpose of the rule (cf. Metropolitan Taxicab Bd. of Trade v New York City Taxi & Limousine Commn., 18 NY3d 329, 333 [2011]). In any event, the record in this case
reflects that TLC had a rational basis for rejecting petitioners' analysis of why the use of company-specific utilization rates may create a monopoly.
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020